which enters into the substance of the charge preferred by indictment must be proved by the prosecution, without resort to presumptions of any character. (2 Leach, 594; 2 Russ. on Cri. 690.)

*C. G. Mauro*, (circuit attorney,) for the State.

I. The indictment is good. The instruction given to the jury simply declares a well settled principle of law. It is impossible to judge of its applicability, as the defendant has not seen fit to incorporate the evidence into the bill of exceptions. The proposition being legally correct, the presumption is that the judge rightfully gave it.

RICHARDSON, Judge, delivered the opinion of the court.

The bill of exceptions contains nothing but one instruction, which we can not review for the reason that the evidence is not preserved. (State v. Vaughn, 26 Mo. 29.)

The indictment is good. If the name of the slave or his owner or master was unknown to the grand jury, it was sufficient to state the fact in the indictment. (State v. Harris, 2 Snead, 224; State v. Miller, 7 Ired. 275; 13 Mo. 246; 14 14 Mo. 340; 15 Mo. 430.) The other judges concurring, the judgment will be affirmed.

———◄●●►———

THE STATE, Defendant in Error, v. GUYOTT, Plaintiff in Error.

1. State v. Guyott, ante, p. 62, affirmed.

*Error to Marion Circuit Court.*

*W. E. Cooke* and *Vanswearingen*, for plaintiff in error.

*C. G. Mauro*, (circuit attorney,) for defendant in error.

RICHARDSON, Judge. This case is in all material respects like the case of the State v. Guyott, decided during this term. Judgment affirmed.